UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

LOWE'S HIW, INC.,

Defendant.

CASE NO. C08-0331-JCC

ORDER

This matter comes before the Court on Jeremiah Harrington, Chester Davison, and Amber Fasolino's motion, pursuant to Federal Rule of Civil Procedure 24(a), for leave to intervene as a matter of right as Plaintiffs in the above-captioned action brought on their behalf by the Equal Employment Opportunity Commission (EEOC), as well as their combined motion to consolidate their cases with that of Plaintiff Julie Andrews, whose case against Defendant is proceeding in Case No. C08-5053-KLS, *Andrews v. Lowe's HIW, Inc.*, in the Western District of Washington at Tacoma. (Dkt. No. 5.) The Court has carefully considered the motion, as well as Specially Appearing Defendant's Motion to Strike or, Alternatively, to Extend Time for Defendant to Respond to Motion to Intervene and Consolidate, or In

the Alternative, a Response to the Motion to Intervene and Consolidate[1] (Dkt. No. 12), Plaintiff EEOC's Response in non-opposition to the Motion to Intervene and Consolidate (Dkt. No. 18), Intervenor-Plaintiffs' Response to the Motion to Strike (Dkt. No. 19), and Defendant's Reply in support of the Motion to Strike (Dkt. No. 25). The Court has also carefully considered the declarations and exhibits filed in support of and in opposition to both the Motion to Intervene and Consolidate and the Motion to Strike, as well as the balance of pertinent materials in the case file, and has determined that oral argument is not necessary. The Court rules as follows.

## I. BACKGROUND

On February 25, 2008, Plaintiff EEOC initiated this lawsuit against Defendant home supply store, alleging violations of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. (Compl. (Dkt. No. 1).) Specifically, the EEOC alleges that starting in 2006, Defendant subjected its former employees Jeremiah Harrington, Chester Davison, and Amber Fasolino, to sexual harassment at its Longview, Washington, facility; subjected them to a hostile work environment; and retaliated against Harrington, Davison, and Fasolino after they complained of the harassment. (*Id*. at 2–3.) On March 26, 2008, this Court set a status conference for June 3, 2008. (Dkt. No. 3.) Soon thereafter, on April 1, 2008, Harrington, Davison, and Fasolino moved to intervene in the EEOC lawsuit. (Dkt. No. 5.) Defendant had not yet, and still has not, answered the Complaint or the First Amended Complaint. In their motion, Harrington, Davison, and Fasolino also seek to add claims under the Washington Law Against Discrimination (WLAD), WASH. REV. CODE § 49.60 *et seq*., and against Store Manager John Mills. (*Id*. at 1.) In addition, Harrington, Davison, and Fasolino seek to consolidate their cases with that of Plaintiff Julie Andrews, in Case No. C08-5053-KLS, *Andrews v. Lowe's HIW, Inc.*, proceeding in the Western District of Washington at Tacoma. (*Id*. at 1–2.) Plaintiff Andrews also alleges that she was sexually harassed, subjected to a hostile work environment, and retaliated against by Defendant and Mills at the

[1] Defendant makes a special appearance to respond to the Motion to Intervene and Consolidate, before answering the First Amended Complaint. (Mot. to Strike 1 (Dkt. No. 12).)

Longview store starting in 2006. (*Id*. at 3–4.) However, the EEOC is not prosecuting a case on behalf of Plaintiff Andrews. (Mot. to Strike 8 (Dkt. No. 12).)

On April 28, 2008, Defendant specially appeared and objected to the motion on grounds that, pursuant to a waiver of service agreement between Defendant and the EEOC, it was not required to appear in the action until June 13, 2008. As such, Defendant argues that the motion is premature, because a party cannot be required to respond to a motion before it is obligated to appear. (*Id*. at 2.) Defendant asks the Court to strike the motion in its entirety so that Intervenor-Plaintiffs can file it at the appropriate time. (*Id*. at 3.) Alternatively, Defendant asks the Court to grant it an extension of time to file a response to the motion until after it has appeared in the case. (*Id*.) Specifically, Defendant asks that the motion be renoted to June 20, 2008, a date after which Defendant will file an Answer to the First Amended Complaint. (*Id*. at 10.)

On May 2, 2008, Harrington, Davison, and Fasolino responded to the Motion to Strike by arguing that intervention is mandated in this case and that therefore, Defendant need not have appeared for the motion to be granted. (Intervenor-Pls.' Resp. 1 (Dkt. No. 19 at 2).) Additionally, Harrington, Davison, and Fasolino object to any delay in the consolidation process. They argue that "there is no legitimate basis to deny consolidation, where the facts, timing, theories, and witnesses are so inextricably intertwined." (*Id*.) Harrington, Davison, and Fasolino accuse Defendant of "gamesmanship by attempting to delay any action in this case, while pressing forward aggressively in Ms. Andrews' case." (*Id*.)

Defendant then forecasted several ways it will later argue in its Answer that the *EEOC* action differs from the *Andrews* action, such that consolidation is not appropriate. (Def.'s Reply (Dkt. No. 25).) Defendant cites, for example, the fact that the EEOC Complaint does not include Andrews, and Defendant also argues that Davison, Harrington, Fasolino, and Andrews all claim different types of sexual harassment at the hands of different people. (Mot. to Strike 8 (Dkt. No. 12).) However, Defendant remains steadfast in asserting that it need not respond to the Motion to Intervene and Consolidate before it has filed its Answer. (Def.'s Reply 2 (Dkt. No. 25).)

## II. ANALYSIS

### A. Motion to Intervene and to Add Supplemental Claims

The Federal Rules of Civil Procedure provide, in relevant part, that "[u]pon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene[.]" FED. R. CIV. P. 24(a). The Civil Rights Act confers such a right on the "person or persons aggrieved . . . in a civil action brought by the Commission[.]" 42 U.S.C. § 2000e-5(f)(1); *see also EEOC v. Goodyear Aerospace Corp.*, 813 F.2d 1539, 1542 (9th Cir. 1987) ("If the EEOC brings an action, the charging employee has a right to intervene."); 6 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 24.02[4][c] ("The *person or persons* aggrieved plainly includes persons who filed the charges of unlawful practices that resulted in the suit.") (emphasis in original). In the instant case, Harrington, Davison, and Fasolino, on whose behalf the EEOC filed the Complaint, timely filed their motion to intervene at the outset of the litigation. S*ee, e.g.*, *Sierra Club v. United States EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993) (declining to hold that the district court abused its discretion in finding timeliness where the "application for intervention was made at the outset of the litigation, before the EPA had even filed its answer."). Accordingly, Harrington, Davison, and Fasolino have the unconditional right to intervene in the *EEOC* action. This result is not discretionary, nor is any response from Defendant required or requested on the matter. Defendant apparently does not substantively contest this issue, but rather challenges the motion's merits only with regard to consolidation. (Mot. to Strike 6 (Dkt. No. 12).) The Court hereby GRANTS Plaintiff-Intervenors' motion to the extent that Harrington, Davison, and Fasolino seek to intervene in the *EEOC* action against Defendant.

Additionally, Intervenor-Plaintiffs may bring their state law claims under WLAD and their claims against Store Manager John Mills in this action. "In any civil action in which a district court has original jurisdiction, the court may exercise supplemental jurisdiction over all other claims 'that are so related to claims in the action' to 'form part of the same constitutional case or controversy.'" MOORE, *supra*, § 24.22[1] (quoting 28 U.S.C. § 1367(a) (providing that "supplemental jurisdiction shall include claims that

involve the joinder or intervention of additional parties”)). Intervenor-Plaintiffs’ state law claims under WLAD for sexual harassment, hostile work environment, and retaliation are based on the same facts as those alleged in the EEOC Complaint. (Mot. to Intervene & Consolidate 6 (Dkt. No. 5 at 7).) Further, their claims against Store Manager Mills arise from the allegation that Mills, “while acting in his supervisory capacity, not only condoned Lowe’s storewide harassment, but also participated in sexually harassing and retaliating against Plaintiffs.” (*Id*.) The Court finds that the EEOC’s allegations against Defendant and Intervenor-Plaintiffs’ allegations against Mills are so related that they form part of the same case or controversy. Accordingly, the Court GRANTS the Motion to Intervene and Consolidate with regard to the Court’s supplemental jurisdiction over the claims of Intervenor-Plaintiffs Harrington, Davison, and Fasolino.

**B. Motion to Consolidate**

“The articulated standard for consolidating two or more cases is simply that they involve ‘a common question of law or fact.’” 8 MOORE, *supra*, § 42.10[1][a] (citing *In re Adam’s Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987)); *see also* FED. R. CIV. P. 42(a) (“When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.”) The moving party has the burden of showing that there is a commonality of facts, law, or both, in the cases sought to be consolidated. 8 MOORE, *supra*, § 42.10[2][a]. Intervenor-Plaintiffs argue that because Harrington, Davison, Fasolino, and Andrews were coworkers at the same store in Longview, Washington, reported to the same managers during the same time period, and were all subject to the same hostile work environment, consolidation of the instant case with the *Andrews* case is appropriate. (Mot. to Intervene & Consolidate 1–4 (Dkt. No. 5 at 2–5).) However, Defendant strenuously argues that the time is not proper for the Court to rule on this issue. Instead, Defendant requests that the Court either strike the motion entirely or renote the motion for June 20, 2008, at which point Defendant will have answered the First

Amended Complaint. (Mot. to Strike 10 (Dkt. No. 12).) Defendant points out that it is not required to appear in this action until June 13, 2008, and argues that it cannot be expected to respond to the motion to consolidate, which it clearly opposes, until after it is required to appear. As a result, Defendant has not yet fully briefed its opposition to the motion, but instead merely forecasts that it will oppose consolidation on grounds that the two cases differ in significant respects. (*Id*. at 8.) Given Defendant's clear intention to oppose consolidation, and given the absence of Defendant's answer in the *EEOC* action, which would further inform the Court of the specific facts surrounding the claims at issue, the Court declines to consolidate the two cases at this time. The Court will consider the issue of consolidation once there has been full briefing by both parties. Accordingly, the Court RENOTES Intervenor-Plaintiffs' Motion to Intervene and Consolidate, with respect to the consolidation issue only, for June 20, 2008.

## III. CONCLUSION

For the following reasons, Plaintiff-Intervenor's Motion to Intervene and Consolidate (Dkt. No. 5) is hereby GRANTED IN PART with respect to intervention and supplemental jurisdiction, and RENOTED for June 20, 2008, with respect to consolidation. The Court DENIES Defendant's Motion to Strike (Dkt. No. 19) as moot.

DATED this 15th day of May, 2008.

John C. Coughenour
UNITED STATES DISTRICT JUDGE