UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LOWE'S HIW, INC.,<br><br>　　　　　　Defendant. | CASE NO. C08-0331-JCC<br>*Consolidated with C08-5053*<br><br>ORDER |
| AMBER FASOLINO, CHESTER DAVISON, JEREMIAH HARRINGTON, and JOHN MCDOWELL,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>LOWE'S HIW, INC. d/b/a LOWE'S HOME IMPROVEMENT WAREHOUSE, INC.; JOHN MILLS and JANE DOE MILLS, and the marital community comprised thereof;<br><br>　　　　　　Defendants. | |
| JULIE ANDREWS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LOWE'S HIW, INC. d/b/a LOWE'S HOME IMPROVEMENT WAREHOUSE, INC.; and JOHN MILLS,<br><br>　　　　　　Defendants. | |

ORDER – 1

This matter comes before the Court on Plaintiffs' Second Motion to Compel Defendant Lowe's HIW, Inc. ("Lowe's") Answer to Discovery Requests (Dkt. No. 92), Defendant's Response in opposition (Dkt. No. 105), Plaintiffs' Reply (Dkt. No. 116), and Defendant's Surreply (Dkt. No. 121).[1] The Court has carefully considered these papers and their supporting declarations and exhibits, and has determined that oral argument is not necessary. The Court finds and rules as follows.

**I.  BACKGROUND**

The Court has recounted the background facts of this dispute in its Order on Plaintiffs' first Motion to Compel (Dkt. No. 120) but will repeat some of those facts here for the reader's convenience. On February 25, 2008, Plaintiff EEOC initiated this lawsuit against Defendant Lowe's, alleging violations of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. (Compl. (Dkt. No. 1).) Specifically, the EEOC alleges that starting in 2006, Defendant subjected its former employees Jeremiah Harrington, Chester Davison, and Amber Fasolino to sexual harassment at its Longview, Washington, facility by maintaining a hostile work environment, and retaliated against them after they complained of the harassment. (*Id*. at 2–3.) Since the EEOC's filing of the Complaint, Harrington, Davison, and Fasolino intervened in the lawsuit and added claims against Defendant under the Washington Law Against Discrimination (WLAD), WASH. REV. CODE § 49.60 *et seq*., and against Store Manager John Mills. In addition, the Court ordered consolidation of the case with Case No. C08-5053-BHS, *Andrews v. Lowe's HIW, Inc.*, which was proceeding in the Western District of Washington at Tacoma, in which Plaintiff Julie Andrews, another former employee at the Longview store, alleges

---

[1]Defendant also filed a Motion for Leave to File Surreply Brief (Dkt. No. 124). Such a motion is not necessary; pursuant to Local Rule W.D. Wash. CR 7(g), a party may file a surreply requesting the Court to strike material contained in a reply brief so long as it complies with certain requirements; before the revised Local Rules took effect on January 1, 2009, this included notifying the Court by telephone as soon as was practicable that a surreply would be filed. Defendant complied with those requirements and therefore was entitled to file the surreply. The Court therefore DENIES as MOOT the Motion for Leave to File Surreply Brief (Dkt. No. 124).

ORDER – 2

1 that she was "harassed, discriminated against, retaliated against, and [was subject to] adverse
2 employment actions . . . including but not limited to constructive[] discharg[e]" on the basis of gender.
3 (Andrews Second Amended Compl. ¶¶ 15–16 (C08-5053, Dkt. No. 36).)

4     On September 17, 2008, Plaintiffs served their First Set of Interrogatories and Requests for
5 Production on Defendant via hand delivery to local counsel. (Youssef Decl. ¶ 2 (Dkt. No. 79).)
6 Defendant served its responses and objections by mail on October 20, 2008. (Certificates of service
7 (Dkt. Nos. 82-8, 82-9 at 22, 82-10 at 25, 82-11 at 22, 82-12 at 22).) On October 23 and 24, 2008,
8 Plaintiffs' counsel sent two letters to Defendant that identified purported deficiencies in Defendant's
9 responses. (Youssef letter (Dkt. No. 79-2 at 50); Resp. 2 (Dkt. No. 105 at 3).) Defendant replied by
10 letter on October 27, 2008, addressing each of the alleged deficiencies, variously elucidating its
11 objections, agreeing to produce certain materials, and stating that it would revisit some of the requests
12 for later follow-up. (Suh letter (Dkt. No. 79-3 at 2).) That same day, counsel for the parties conferred
13 and were unable to resolve the outstanding requests. (First Mot. to Compel 4 (Dkt. No. 78).) On October
14 30, 2008, Plaintiffs filed a Motion to Compel the outstanding discovery. (Dkt. No. 78.)

15     On November 6, 2008, Defendant served supplemental written responses to Plaintiffs' discovery.
16 (Resp. 3 (Dkt. No. 105 at 4).) Without any further attempts to confer to resolve any remaining
17 deficiencies, and before the Court ruled on the pending motion to compel, Plaintiffs filed a second
18 motion to compel responses to the same discovery requests on December 4, 2008. (Dkt. No. 92.)
19 Plaintiffs assert that "[d]ue to the considerable briefing required to address all of Defendant's grossly
20 deficient discovery responses and Local Rule CR 7(e)'s 12-page length limit, Plaintiff was required to
21 file a second motion to compel[.]" (Reply 2 (Dkt. No. 116 at 3).) On December 23, 2008, the Court
22 ruled on Plaintiffs' first motion and compelled Defendant to correct some of the purported deficiencies.
23 (Dkt. No. 120.)

24     In its second motion, Plaintiffs contend that Defendant failed to produce (1) the identity and
25 personnel files of individuals Defendant spoke with, interviewed, or obtained statements from regarding

26 ORDER – 3

1 Plaintiffs' allegations, including all statements and other responsive documents; (2) the identity and
2 personnel files of other employees who held the same job positions as Plaintiffs or who replaced
3 Plaintiffs after their employment with Lowe's terminated; and (3) the personnel files of key players who
4 were involved in the alleged discrimination, harassment, retaliation or investigation of Plaintiffs' claims.
5 (Mot. 1–2 (Dkt. No. 92).)

Defendant opposes the motion on grounds that Plaintiffs filed their second motion without prior notice to Defendant and without engaging in a good faith meet and confer before filing the motion. (Resp. 1 (Dkt. No. 105).) In addition, Defendant argues that the issues raised in the motion are largely duplicative of those in the first motion and asserts that it has now produced much of the requested information. (*Id*. at 2.) Further, Defendant argues that Plaintiffs are not entitled to the private personnel files for individuals who provided witness statements and implies that the Court should be wary of allowing Plaintiffs such access because "Plaintiffs' counsel has a track record of harassing Lowe's employees." (*Id*. at 6.) In support of this allegation, Defendant attached two declarations from witnesses in this case describing allegedly harassing phone calls they received from Scott Blankenship and Greg Roth, a legal investigator at the Blankenship Law Firm. (Buck Decl. (Dkt. No. 108); Am. Johns Decl. (Dkt. No. 123).) Defendant describes a telephone voice-mail message in which Mr. Blankenship allegedly "threaten[ed] to release information which could harm [witness] Buck's marriage" if she did not return his call. (Resp. 7 (Dkt. No. 105 at 8); Buck Decl. (Dkt. No. 108).) Defendant also describes a telephone call in which the investigator allegedly intimidated witness Johns in trying to get her to make certain statements. (Resp. 7 (Dkt. No. 105 at 8); Am. Johns Decl. (Dkt. No. 123).)

In their Reply, Plaintiffs refute those allegations. (Reply 1, 1 n.1 (Dkt. No. 116).) Defendant's Surreply seeks to strike Plaintiffs' refutation because it implies that Defendant has been dishonest with respect to the material contained in the Beck and Johns Declarations. (Surreply (Dkt. No. 121).)

**II. APPLICABLE STANDARD**

ORDER – 4

"Litigants 'may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.'" *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (quoting FED. R. CIV. P. 26(b)(1)). If a requested disclosure is not made, the requesting party may move for an order compelling such disclosure. FED. R. CIV. P. 37(a)(1). The Federal Rules strongly encourage parties to resolve discovery disputes privately and discourage them from seeking needless court intervention. To this end, before a party may bring a motion for an order compelling discovery, that party must in good faith confer or attempt to confer in an effort to obtain the discovery without court action. FED. R. CIV. P. 37(a)(1). Such good faith effort to confer "requires a face-to-face meeting or a telephone conference." Local Rules W.D. Wash. CR 37(a)(1)(A).

If a Rule 37 motion to compel is denied, the Court must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both, to pay the opposing party its reasonable expenses incurred in opposing the motion, including attorney's fees unless the motion was substantially justified or other circumstances make an award of expenses unjust. FED. R. CIV. P. 37(a)(5)(B).

**III. ANALYSIS**

The Court is troubled by several aspects of the instant motion and the briefing thereto. First, the Federal Rules are clear that a motion to compel may be filed only on notice to other parties and after the movant has in good faith conferred or attempted to confer with the party failing to comply with a discovery request. Each motion "must include a certification" to that effect. FED. R. CIV. P. 37(a)(1). The Court does not consider the October 27, 2008, conference to constitute a "good faith" effort to confer before the instant motion was filed. That conference satisfied the "good faith" requirement for Plaintiffs' first motion to compel, which was filed three days later. However, the Court finds such conference inadequate to constitute a "good faith" effort to confer before the second motion to compel was filed five weeks later, especially given the fact that in the interim, Defendant served Plaintiffs with supplemental responses to the discovery. It appears from Defendant's Response and Plaintiffs' Reply that Defendant has by now provided at least some of the information that Defendant sought to compel in

ORDER – 5

the second motion; the Court therefore believes that a conference would likely have borne fruit and could have avoided expense and conserved the Court's time and resources. On this ground alone the Court finds it appropriate to DENY Plaintiffs' motion.

However, the Court is also troubled by Plaintiffs' disregard for the page limitations set forth in the Local Rules. As Plaintiffs recognized in their Reply, Local Rule W.D. Wash. CR 7(e) limits discovery motions to twelve pages. Plaintiffs' violation of the spirit—if not the letter—of this rule is reflected in its assertion that "[d]ue to the considerable briefing required to address all of Defendant's grossly deficient discovery responses and Local Rule CR 7(e)'s 12-page length limit, Plaintiff was required to file a second motion to compel[.]" (Reply 2 (Dkt. No. 116 at 3).) If Plaintiffs' second motion to compel was in fact material that Plaintiffs simply could not fit into the authorized page limits for its first motion, then the proper procedure would have been to ask the Court for leave to file excess pages. The Court will not allow parties to circumvent page limits set by the Court by filing successive motions on the same issues.

Finally, and most importantly, the Court is highly troubled by both the tone and the substance of Defendant's allegations against Plaintiffs' counsel Mr. Blankenship and the legal investigator, Mr. Roth, from the Blankenship firm. The Court therefore takes this opportunity to put *all* counsel in this case on notice that it has little tolerance for harassing conduct or personal attacks and/or disparaging remarks between counsel in written materials filed with the Court or at hearings before the undersigned. Defendant's allegations that Plaintiffs' counsel and his associate threatened or harassed witnesses in this case are serious charges that have the potential to damage reputations in this relatively small legal community of Seattle, Washington. The Court will not strike the portions of Plaintiffs' Reply that refute such allegations, especially since there appears to be no surviving physical evidence that might permit the Court to easily verify the truth of such allegations. Given that the instant motion is not a motion for sanctions, and the allegations are not pertinent to the Court's ruling herein, the Court will leave the matter as it stands at present. The Court makes no findings as to credibility of counsel or the

ORDER – 6

1 | complaining witnesses. However, the Court reminds all counsel to be guided in their actions by the
2 | Rules of Professional Conduct, no matter how vigorously they represent their clients in this dispute.

**IV.    CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiffs' Second Motion to Compel Defendant Lowe's Answer to Discovery Requests (Dkt. No. 92). In addition, the Court DENIES as MOOT Defendant's Motion for Leave to File Surreply Brief (Dkt. No. 124). Further, the Court DENIES the request to strike the second sentence of Plaintiffs' Reply brief or the footnote 1 thereto. Finally, the Court finds that Plaintiffs should be heard on the issue of why the Court should not order them to pay Defendant's reasonable costs incurred in opposing this motion; such a response shall be due ten (10) days from the date of this Order and limited to five pages.

DATED this 19th day of February, 2009.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER – 7