UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>                Plaintiff,<br><br>   v.<br><br>LOWE'S HIW, INC.,<br><br>                Defendant. | CASE NO. C08-0331-JCC<br>*Consolidated with C08-5053*<br><br>ORDER |
| AMBER FASOLINO, CHESTER DAVISON, JEREMIAH HARRINGTON, and JOHN MCDOWELL,<br><br>                Plaintiffs,<br><br>   v.<br><br>LOWE'S HIW, INC. d/b/a LOWE'S HOME IMPROVEMENT WAREHOUSE, INC.; JOHN MILLS and JANE DOE MILLS, and the marital community comprised thereof;<br><br>                Defendants. | |
| JULIE ANDREWS,<br><br>                Plaintiff,<br><br>   v.<br><br>LOWE'S HIW, INC. d/b/a LOWE'S HOME IMPROVEMENT WAREHOUSE, INC.; and JOHN MILLS,<br><br>                Defendants. | |

ORDER – 1

This matter comes before the Court on Defendant Lowe's HIW, Inc.'s ("Lowe's") Motion for Sanctions, Request for Admonishment to Counsel, and Motion to Compel Extended Deposition of Plaintiff Amber Fasolino (Dkt. No. 100), the Responses in opposition by Plaintiff Equal Employment Opportunity Commission ("EEOC") (Dkt. No. 125) and Intervenor-Plaintiffs (Dkt. No. 127), Defendant's Reply (Dkt. No. 137), and Intervenor-Plaintiffs' Surreply (Dkt. No. 140). In addition, this Order addresses Defendant's Motion to Strike Surreply (Dkt. No. 142), Plaintiffs' Opposition to the Motion to Strike (Dkt. No. 156), and Defendant's Motion to File Over-length Reply Brief (Dkt. No. 136). The Court has carefully considered these papers and their supporting declarations and exhibits, including the DVD excerpts of the deposition of Intervenor-Plaintiff Amber Fasolino submitted by Defendant. Finding oral argument unnecessary, the Court finds and rules as follows.

**I.    BACKGROUND**

The Court has recounted the background facts of this dispute in its Order on Plaintiffs' first Motion to Compel (Dkt. No. 120) but will repeat some of those facts here for the reader's convenience. On February 25, 2008, Plaintiff EEOC initiated this lawsuit against Defendant Lowe's, alleging violations of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. (Compl. (Dkt. No. 1).) Specifically, the EEOC alleges that starting in 2006, Defendant subjected its former employees Jeremiah Harrington, Chester Davison, and Amber Fasolino to sexual harassment at its Longview, Washington, facility by maintaining a hostile work environment, and retaliated against them after they complained of the harassment. (*Id.* at 2–3.) Since the EEOC's filing of the Complaint, Harrington, Davison, and Fasolino intervened in the lawsuit and added claims against Defendant under the Washington Law Against Discrimination (WLAD), WASH. REV. CODE § 49.60 *et seq.*, and against Store Manager John Mills. In addition, the Court ordered consolidation of the case with Case No. C08-5053-BHS, *Andrews v. Lowe's HIW, Inc.*, which was proceeding in the Western District of Washington at Tacoma, in which Plaintiff Julie Andrews, another former employee at the Longview store, alleges that she was "harassed, discriminated against, retaliated against, and [was subject to] adverse

ORDER – 2

employment actions . . . including but not limited to constructive[] discharg[e]" on the basis of gender. (Andrews Second Amended Compl. ¶¶ 15–16 (C08-5053, Dkt. No. 36).)

As one might glean from the nature of the lawsuit, and as Intervenor-Plaintiffs' counsel has stated on the record, "[t]his is a very, very emotional case." (Fasolino Dep. 125:2–3 (Dkt. No. 101-3 at 61).) Discovery has not been proceeding smoothly, as evidenced by the numerous discovery motions on the Court's docket.[1] (*See, e.g.*, Plaintiffs' Motion to Compel Defendant's Answers to Discovery Requests (Dkt. No. 78); Plaintiffs' Second Motion to Compel Defendant's Answers to Discovery Requests (Dkt. No. 92); Defendant's Motion for Sanctions (Dkt. No. 100); Defendant's Motion to Compel Rule 30(b)(6) Deposition of Plaintiff EEOC (Dkt. No. 112); and Intervenor-Defendant John Mills' Motion for Leave to Depose Plaintiffs Davis and Harrington (Dkt. No. 159).)

The instant motion for sanctions arises from counsel's conduct during the deposition of Intervenor-Plaintiff Amber Fasolino on November 19, 2008. The first of a series of depositions noticed by Defendant Lowe's, this deposition was conducted by Laura Franze, a Partner and Co-Chair of the Labor & Employment group of the firm Hunton & Williams in Dallas, Texas, admitted *pro hac vice* to appear and participate as counsel in this case. Thomas Lemly of Davis Wright Tremaine is listed as local co-counsel, though to the Court's knowledge he was not present at the deposition at issue. Defending the deposition was Scott Blankenship, founding Partner of Seattle's Blankenship Law Firm, representing Intervenor-Plaintiffs, and Cindy O'Hara, senior counsel for the EEOC. It is undisputed that Ms. Franze, Mr. Blankenship, and Ms. O'Hara are all experienced trial lawyers, in senior positions at their respective organizations.

Defendant Lowe's filed the instant motion based on perceived "argumentative, obstreperous and obstructionist behavior" by Mr. Blankenship, Ms. O'Hara, and even the witness, Ms. Fasolino, during

---

[1]The Court notes that its March 3, 2008, Order Regarding Discovery and Depositions (Dkt. No. 4) expressly directs the parties that "[a]ll discovery matters are to be resolved by agreement if possible." This is because asking the Court to rule on discovery matters that can be resolved by the parties is a waste of judicial resources and adds needless expense to already expensive federal litigation.

ORDER – 3

the deposition. (Mot. 1 (Dkt. No. 100 at 2).) Defendant contends that such behavior was "purposefully designed to prevent Lowe's from completing a fair deposition within the seven-hour limit" imposed by the Federal Rules. (*Id.*) Defendant initially sought the Court's intervention by way of a phone call to the undersigned's Chambers just after the lunch break that day. Finding the Court unwilling to rule on any objections over the phone, Defendant ended the deposition mid-afternoon, before the allotted seven hours had expired. Plaintiffs' counsel opposed cutting short the deposition that day in part because Ms. Fasolino was eight months pregnant and was expected to be unavailable for a continued deposition in the near future.

Defendant now argues that the Court should sanction Mr. Blankenship and Ms. O'Hara by (1) ordering Plaintiffs to pay for Defendant's costs in taking the deposition, (2) ordering that Plaintiffs must pay for a continuation deposition, (3) admonishing counsel to refrain from making objections that violate the Court's Order Regarding Discovery and Depositions, (4) ordering that further sanctions will be awarded if such behavior continues, and (5) ordering that Defendant is permitted to complete an extended deposition of Ms. Fasolino before Intervenor-Plaintiffs or the EEOC conduct any depositions in this matter. (*Id.*) In support of its motion, Defendant quotes extensively from the deposition transcript. Defendant also submitted DVDs to the Court containing recorded portions of the deposition.

In Response, Plaintiff EEOC asserts that, in fact, Mr. Blankenship and Ms. O'Hara "controlled their tempers and attempted to have the deposition proceed despite the argumentative behavior and gratuitous sarcasm" of Ms. Franze. (EEOC Resp. 1 (Dkt. No. 125 at 2).) Intervenor-Plaintiffs also opposed the motion on grounds that the motion itself was unnecessary and that Ms. Franze's behavior was "continually combative with Mr. Blankenship and Ms. O'Hara, going as far as openly disparaging them in front of Ms. Fasolino." (Intervenor-Pls.' Resp. 1 (Dkt. No. 127 at 2).)

Defendant filed an over-length Reply, along with a Motion to File an Over-length Reply[2], in

---

[2] Pursuant to the Local Rules, motions to file over-length briefs are "disfavored" but may be filed subject to certain conditions. Local Rules W.D. Wash. CR 7(f). One of those requirements is that the

ORDER – 4

1 response to which Intervenor-Plaintiffs filed a Surreply[3] (Dkt. No. 140), asking the Court to strike portions of the Reply. In a seemingly endless series of volleys, Defendant then filed a Motion to Strike the Surreply[4] (Dkt. No. 142) and Plaintiffs filed an Opposition to the Motion to Strike (Dkt. No. 156).

## II. APPLICABLE STANDARD

According to the Court's Order Regarding Discovery and Depositions filed on March 26, 2008:

> The only objections that should be raised at the deposition are those involving a privilege against disclosure, or some matter that may be remedied if presented at the time (such as the form of the question or the responsiveness of the answer), or that the question seeks information beyond the scope of discovery. Objections on other grounds are unnecessary and should generally be avoided. All objections should be concise and must not suggest answers to, or otherwise coach, the deponent. Argumentative interruptions will not be permitted.

(Dkt. No. 4); *see also* FED. R. CIV. P. 30(c)(2). In addition, the Court's Order states that "[a]ll counsel . .

---

motion be filed at least three judicial days before the underlying brief is due. Defendant failed to comply with this requirement and filed it instead on the same day that its Reply was due, January 2, 2009. Defendant acknowledges that it failed to comply with the Local Rules but argues that it could not comply because the federal holiday that week caused the Responses to be filed only three judicial days before Defendant's Reply was due, on December 29, 2008. (Mot. to File Over-length Reply 1 n.1 (Dkt. No. 136 at 2).) However, Defendant states that it could assess the need to file an over-length brief after December 29. (*Id.*) Defendant provides no explanation as to why it failed to substantially comply with the Local Rule by filing the motion as soon as practicable under the circumstances, which would have been Tuesday, December 30, 2008. In addition, the over-length Reply brief goes far beyond the additional four pages requested in the motion. The brief contains large sections of dense footnotes and single-spaced text and also "incorporate[s]" arguments made in single-spaced attachments to the brief. As such, the Court hereby DENIES Defendant's Motion to File Over-length Reply Brief (Dkt. No. 136). Accordingly, the Court will disregard the Reply brief to the extent that it exceeds six pages.

[3]Plaintiffs' Surreply asks the Court to strike certain portions of Defendant's Reply. (Dkt. No. 140.) Based on the previous footnote, and based on the fact that the Court did not rely on any of the material to which Plaintiffs objected in its decision today, the Court declines to strike any of the items requested in the Surreply.

[4]Under the Local Rules, "[r]equests to strike material contained in or attached to submissions of opposing parties shall not be presented in a separate motion to strike"; the only exception is for requests to strike material contained in or attached to a Reply brief. Local Rules W.D. Wash. CR 7(g). The Local Rules expressly direct that no response to a Surreply may be filed unless the Court requests one. The Court did not solicit such a response from Defendant. Defendant's Motion to Strike Plaintiffs' Surreply is therefore improper, and the Court DENIES it.

ORDER – 5

. should conduct themselves in depositions with the same courtesy and respect for the rules that are required in the courtroom during trial." *Id*.

The imposition of sanctions "on a person who impedes, delays, or frustrates the fair examination of the deponent" is committed to the Court's sound discretion. FED. R. CIV. P. 30(d)(2).

## III. ANALYSIS

Having read the entire deposition transcript and having viewed the DVD recording, in which the full flavor of the objections and responses thereto are more readily observed, the Court is not persuaded to impose sanctions. While the Court recognizes that Plaintiffs' counsel made numerous objections that were far from "concise" and that there were frequent extended colloquies between counsel—between Mr. Blankenship and Ms. Franze in particular—the Court is not at all persuaded that one side alone is to blame for this result. It also appears quite clear from the record that Ms. Franze often responded to objections with long and sometimes sarcastic comments that would be entirely inappropriate in the undersigned's courtroom.

The following exchange, only fifteen pages into the deposition transcript, demonstrates the way in which both sides of the table unnecessarily elongated the colloquy:

> Q. . . . Did you have conversations with any of your attorneys in this case or the EEOC in preparation for the deposition?
> MR. BLANKENSHIP: You can answer that yes or no.
> MS. FRANZE: I'm going to object to the repeated talking objections. I think that question was very clear and unobjectionable.
> MR. BLANKENSHIP: Maybe to a lawyer but not necessarily to Ms. Fasolino. I want it to be clear that she can answer whether or not she had discussions but not the substance of discussions.
> MS. FRANZE: I disagree, and we'll go on, but to the extent that these unnecessary objections continue, I'm going to go to the Court and complain, because I think that objection was clearly out of line.

(Fasolino Dep. 14:14–15:4 (Dkt. No. 101-2 at 15–16).) The following is another example:

> Q. Right. I understand that that was your statement, but is there any other fact that is missing besides the statement that you just made about pushing your head—
> MR. BLANKENSHIP: Let me object to the form. Let me object to the foundation. Are you asking her to provide you right now with a laundry list of things she stated to the EEOC? Is that the question? Every fact that she stated to the EEOC that's missing in this

ORDER – 6

charge, is that your question? Because if it is, it's grossly overbroad.
MS. O'HARA: Counsel, if I can–
MS. FRANZE: The record will speak for itself.
Q. You can go ahead and answer the question.
MS. O'HARA: And, counsel, to the extent that you're asking her if there's sufficient facts in here to make a legally sufficient charge, then we object on the basis that it's calling for a legal conclusion from her.
MS. FRANZE: I've actually been practicing law for 29 years, it's probably not necessary to instruct me as to the elements of various legal claims. Although I appreciate your efforts, they just take up time during this deposition. My question speaks for itself. The witness can answer.
. . .

Q. Looking at the Charge of Discrimination today which is Page 3 of Fasolino 23, that you signed on October 9, 2006, is there anything else of significance that is missing from the description of your claims against Lowe's?
MS. O'HARA: Again, vague and ambiguous.
MR. BLANKENSHIP: Objection. And potentially overbroad to the extent it being like a quiz show thing. It appears that you're asking—if you want to ask her to list everything that happened, you ought to just come right out and do it as opposed to trying to backdoor something here.
MS. FRANZE: The way the legal system works in this country is that it is a system of advocates. I get to ask the questions that I think are best for my client. You do not get to instruct me as to the questions that you would hope that I get—that I ask.

(*Id*. at 35:24–38:10.) At one point, Ms. Franze tells Mr. Blankenship, "I wasn't aware that you had mind-reading abilities[.]" (*Id*. at 78:21–22.) Later, the following:

MS. O'HARA: Counsel, could you clarify, just when you say anyone at Lowe's, are you speaking of Lowe's the corporate entity or anyone who was at Lowe's including co-workers or whatever?
MS. FRANZE: Somewhere along the line I learned the concept of follow-up questions, and so sometimes I ask an open-ended question and then I follow-up.

(*Id*. at 91:11–18.) And later:

A. John Mills had made comments about me getting promoted and giving him sexual favors for my promotions.
Q. Are you saying that he made these comments in a conversation with you?
A. Yes.
Q. When did this conversation take place?
A. Throughout my period at Lowe's.
MR. BLANKENSHIP: And let me just object to the extent that she didn't limit it to a conversation; you did, Counsel. That mischaracterizes previous statements.
MS. FRANZE: Well, let me say, did he use sign language or—I mean, exactly what are you objecting to?
MR. BLANKENSHIP: Singular versus plural.
MS. FRANZE: Again, Mr. Blankenship, there is such a thing as a follow-up question.

ORDER – 7

MR. BLANKENSHIP: There's something about a fair question too and—
MS. FRANZE: There is something about wasting our time and the Court's time, and I'm just going to let the record speak for itself.
. . .
Q. Now, how often or a range of times did you actually have a communication with Mr. Mills in which he indicated he expected an exchange of sexual favors for job advantages?
MS. O'HARA: Objection. Asked and answered.
MS. FRANZE: I'm glad you think it's answered because I'd like to know what the answer is.
Q. Please answer, Ms. Fasolino.
MS. O'HARA: I don't appreciate your comments.
MS. FRANZE: I don't appreciate yours either.
MS. O'HARA: Counsel, I'm just making objections; you don't have to address them.

(*Id.* at 104:1–106:19.)

It is this kind of behavior—on both sides of the table—that gives lawyers a bad rap. Mr. Blankenship noted in his Declaration that if every case were as negative as this one, he would "consider another line of work." (Blankenship Decl. ¶ 3 (Dkt. No. 128 at 2) (admitting that "I may have taken the bait a few times, and that I regret.").) Ms. Fasolino told the Court that being deposed by Ms. Franze in the presence of her alleged harasser and his wife was an "extremely intimidating process" for her and that Ms. Franze:

> was very aggressive towards me and condescending. She made me feel really bad about myself, like I was a liar and was stupid. It was a really horrible experience. I know she is Lowe's lawyer, but she didn't have to treat me that way. It was physically and emotionally draining.

(Fasolino Decl. ¶ 5–6 (Dkt. No. 129 at 2) (also highlighting Defendant's line of questioning in which Defendant asked Fasolino whether she understood that the claims she has made against Mills are "very serious" and "affect him personally and his family") (Fasolino Dep. 107:13–19 (Dkt. No. 101-3 at 43)).)

The undersigned strongly encourages *all* counsel in this case to read the following journal articles, which are included on his recommended reading list for Advanced Trial Advocacy law students at the University of Washington: Robert C. Josefsberg, *The Topic is Civility: You Got a Problem With That?*, 59-JAN OR. ST. B. BULL. 19 (1999); Robert N. Sayler, *Rambo Litigation: Why Hardball Tactics Don't Work*, 74-MAR A.B.A. J. 78 (1988). In addition, the Court reminds all counsel in this case of

ORDER – 8

their responsibilities to comply with the Court's Order Regarding Discovery and Depositions (Dkt. No. 4), with respect to proper objections and proper conduct in depositions. The Court is encouraged that the subsequent depositions noticed by Defendant Lowe's, which were conducted by local counsel, Thomas Lemly, appear to have proceeded more smoothly. (EEOC Resp. 11 (Dkt. No. 125 at 12).) The Court admonishes and directs counsel to conduct all future depositions and the rest of discovery in this case in compliance with the Federal and Local Rules, the Court's Order of March 26, 2008, and with professional courtesy toward each other and the witnesses.[5] To help facilitate the resolution of future discovery disputes without Court intervention, the Court hereby ORDERS that Mr. Lemly personally approve any future decisions by Defendant Lowe's to seek the Court's assistance and ORDERS that Plaintiffs attempt in good faith to confer with Mr. Lemly before filing any future discovery motions. The Court declines to offer any further relief to Defendant with respect to the instant motion.

**IV.    CONCLUSION**

For the foregoing reasons, the Court hereby DENIES Defendant Lowe's HIW, Inc.'s Motion for Sanctions, Request for Admonishment to Counsel, and Motion to Compel Extended Deposition of Plaintiff Amber Fasolino (Dkt. No. 100). In addition, the Court DENIES Defendant's Motion to File Over-length Reply Brief (Dkt. No. 136) and DENIES Defendant's Motion to Strike Surreply (Dkt. No. 142).

DATED this 19th day of February, 2009.

/s/ John C. Coughenour
John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[5] The undersigned would also appreciate it if Defendant would henceforth show the Court the courtesy of using his correct name on its motions and other filings. (*See, e.g.*, Mot. for Sanctions (Dkt. No. 100 at 1); Mot. to File Over-length Brief (Dkt. No. 136 at 1); Mot. to Strike (Dkt. No. 142 at 1).)

ORDER – 9