# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>LOWE'S HIW, INC.,<br><br>    Defendant. | CASE NO. C08-0331-JCC<br>*Consolidated with C08-5053*<br><br>ORDER |
| AMBER FASOLINO, CHESTER DAVISON, JEREMIAH HARRINGTON, and JOHN MCDOWELL,<br><br>    Plaintiffs,<br><br>    v.<br><br>LOWE'S HIW, INC. d/b/a LOWE'S HOME IMPROVEMENT WAREHOUSE, INC.; JOHN MILLS and JANE DOE MILLS, and the marital community comprised thereof;<br><br>    Defendants. | |
| JULIE ANDREWS,<br><br>    Plaintiff,<br><br>    v.<br><br>LOWE'S HIW, INC. d/b/a LOWE'S HOME IMPROVEMENT WAREHOUSE, INC.; and JOHN MILLS,<br><br>    Defendants. | |

ORDER – 1

This matter comes before the Court on Defendant Lowe's HIW, Inc.'s (Lowe's) Motion to Compel Rule 30(b)(6) Deposition of Plaintiff Equal Employment Opportunity Commission (EEOC) (Dkt. No. 112), Plaintiff EEOC's Response in opposition (Dkt. No. 149), and Defendant's Reply (Dkt. No. 157). The Court has carefully considered these papers and their supporting declarations and exhibits, and has determined that oral argument is not necessary. The Court DENIES the motion and finds and rules as follows.

**I.      BACKGROUND**

The Court has recounted the background facts of this dispute in its Order on Plaintiffs' first Motion to Compel (Dkt. No. 120) but will repeat some of those facts here for the reader's convenience. On February 25, 2008, Plaintiff EEOC initiated this lawsuit against Defendant Lowe's, alleging violations of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. (Compl. (Dkt. No. 1).) Specifically, the EEOC alleges that starting in 2006, Defendant subjected its former employees Jeremiah Harrington, Chester Davison, and Amber Fasolino to sexual harassment at its Longview, Washington facility by maintaining a hostile work environment, and retaliated against them after they complained of the harassment. (*Id*. at 2–3.) Since the EEOC's filing of the Complaint, Harrington, Davison, and Fasolino intervened in the lawsuit and added claims against Defendant under the Washington Law Against Discrimination (WLAD), WASH. REV. CODE Ch. 49.60, and against Store Manager John Mills. In addition, the Court ordered consolidation of the case with Case No. C08-5053-BHS, *Andrews v. Lowe's HIW, Inc.*, which was proceeding in the Western District of Washington at Tacoma, in which Plaintiff Julie Andrews, another former employee at the Longview store, alleges that she was "harassed, discriminated against, retaliated against, and [was subject to] adverse employment actions . . . including but not limited to constructive[] discharg[e]" on the basis of gender. (Andrews Second Am. Compl. ¶¶ 15–16 (C08-5053, Dkt. No. 36).)

In the instant motion, Lowe's alleges that the EEOC may have determined that reasonable cause

ORDER – 2

existed to believe that Lowe's violated Title VII without conducting an adequately thorough investigation. (Mot. 3 (Dkt. No. 112 at 4).) Additionally, Lowe's contends that the EEOC "made only a half-hearted attempt" to satisfy its statutory duty to attempt conciliation between the parties. (*Id.*) Seeking to explore the factual support for these arguments, in early December 2008, Lowe's served the EEOC with a notice of intent to take a Federal Rule of Civil Procedure 30(b)(6) deposition, scheduled for December 22, 2008, of the person or persons most knowledgeable regarding twenty-four specified topics. (Notice of Dep. (Dkt. No. 114-2 at 30–34).) On December 15, 2008, Lowe's served the EEOC with an amended notice, rescheduling the deposition for December 23, 2008. (Dkt. No. 114-2 at 48–51.) Suspecting that the EEOC might object to the deposition, that same day, Lowe's counsel sent an email to counsel for the EEOC stating that:

> So that we can work to timely resolve any issues regarding Lowe's Rule 30(b)(6) deposition notice, we also request that you get back to us by December 23, 2008 at 3:00 p.m. regarding your position on Lowe's rule 30(b)(6) deposition notice.

(Suh email Dec. 15, 2008 (Dkt. No. 114-2 at 46).) The following day, counsel for the EEOC sent an email to Lowe's counsel stating:

> Thank you for the extension to December 23 for the response on the 30-b-6 deposition. The EEOC continues to consider its response. I note however that you have stated that you are going to renotice the deposition for December 23, which obviously conflicts with the extension date for our response. . . .

(O'Hara email Dec. 16, 2008 (Dkt. No. 114-2 at 53).) Later that day, Lowe's counsel sent an email to counsel for the EEOC outlining a number of reasons—disputed by the EEOC—that Lowe's was concerned that the EEOC was not being "forthright" with respect to its assertion that it was actually still considering its position on the 30(b)(6) deposition. (Suh email Dec. 16, 2008 (Dkt. No. 114-3 at 2–3).) In that email, counsel for Lowe's appears to retract its previous offer to allow the EEOC to respond by December 23, stating:

> Please let us know by close of business (5:00 p.m. PDT) December 19, 2008 whether the EEOC will or will not be producing a Rule 30(b)(6) witness on the topics we have noticed so that we can avoid the cost of having to make travel arrangements for this deposition. If you do not respond by the 19th, we will proceed to file a motion to compel

ORDER – 3

and a motion for sanctions for costs associated with traveling for the deposition. (Suh email Dec. 16, 2008 (Dkt. No. 114-3 at 2–3).) The following day, counsel for the EEOC wrote the following email, in pertinent part, to counsel for Lowe's:

> The EEOC certainly takes the issue of a 30-b-6 deposition seriously. Through such a deposition, you [sic] asking an EEOC official, or officials, or their designees, to testify in testimony which will bind the agency. Whether and whom and how the agency responds to such a notice is an agency decision, not mine. As you know, I am not in the office. I do know meetings and discussions are occurring with several members of management of the San Francisco District Office, and consultations with both the Headquarters Office of General Counsel and Office of Legal Counsel. The Agency is acting in good faith to consider the matter, and is acting based on the previous date given to us by Defendant of December 23, 2008. We will respond based on that date, not December the 19th. There is no basis for Defendant to change the date previously agreed upon.

(O'Hara email Dec. 17, 2008 (Dkt. No. 114-3 at 5).) That day, counsel for Lowe's sent an email to counsel for the EEOC insisting that the EEOC respond the same day, on December 17, 2008. (Franze email Dec. 17, 2008 (Dkt. No. 114-3 at 7).) Counsel for the EEOC sent an email back to Lowe's counsel stating in pertinent part that:

> I have already told Defendant that I cannot answer on behalf of the agency at this time, and that the agency is proceeding based on the date and time that was given to us to respond, which was, and is, until December 23 at, I believe, 3:00 p.m. The fact that Defendant gave the agency until the afternoon of December 23 to respond, of course presumes that we will not be producing a witness that day. . . . We had an agreement that the EEOC would have until December 23 to respond to the 30-b-6 deposition notice. We are staying by that agreement. There will not be a 30-b-6 deposition on December 23. I am meeting with the charging parties today, as their depositions are tomorrow and Friday. If you want to talk, you can talk to me tomorrow.

(O'Hara email Dec. 17, 2008 (Dkt. No. 114-3 at 12).) About two hours later, at the end of the business day, counsel for Lowe's wrote a lengthy email back to counsel for the EEOC, stating in part that:

> We have had numerous emails about this issue and keep going in circles. You have resisted talking to us by phone to bring this issue to resolution. I left you two messages this morning and also a confirming email, but have not been afforded the courtesy of a return call. I specifically communicated by both voicemail and email that I would take your call immediately during business hours today no matter what I was doing. I instructed assistants to interrupt all meetings, if you called. I have provided multiple numbers for you to call. I have carried my cell to the restroom in order to avoid any possibility of missing your call. I am sitting at my desk right now . . . waiting for you to call. . . . Thus, instead of an actual conversation on the 30(b)6 [sic] issues, we have received yet another artfully written email . . .

ORDER – 4

(Franze email Dec. 17, 2008 (Dkt. No. 114-3 at 14)).)

The following day, apparently without any further communication between Lowe's and the EEOC on this issue, Lowe's filed the instant motion to compel a 30(b)(6) deposition of the EEOC. In support of the motion, Lowe's filed a twelve-page memorandum (Dkt. No. 112), a four-page "Attachment" containing authorities supporting its arguments (Dkt. No. 112-2), and two-hundred thirty-nine pages of exhibits. (Dkt. Nos. 113, 114.)

## II.   APPLICABLE STANDARD

"Litigants 'may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.'" *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (*quoting* FED. R. CIV. P. 26(b)(1)). If requested discovery is denied, the requesting party may move for an order compelling such discovery. FED. R. CIV. P. 37(a)(1). The Federal Rules strongly encourage parties to resolve discovery disputes privately and discourage them from seeking needless court intervention. (*See also* Order Regarding Discovery and Depositions (Dkt. No. 4 at 1) ("All discovery matters are to be resolved by agreement if possible.").) To this end, before a party may bring a motion for an order compelling discovery, that party must in good faith confer or attempt to confer in an effort to obtain the discovery without court action. FED. R. CIV. P. 37(a)(1). Such good faith effort to confer "requires a face-to-face meeting or a telephone conference." Local Rules W.D. Wash. CR 37(a)(1)(A).

If a Rule 37 motion to compel is denied, the Court must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both, to pay the opposing party its reasonable expenses incurred in opposing the motion, including attorney's fees unless the motion was substantially justified or other circumstances make an award of expenses unjust. FED. R. CIV. P. 37(a)(5)(B).

//

//

ORDER – 5

**III. ANALYSIS**

Lowe's counsel states that it is "evident" from the correspondence quoted above that "Lowe's counsel attempted to meet and confer in good faith, but these efforts were rebuffed by counsel for the EEOC, and ultimately no resolution was reached." (Suh Decl. ¶ 19 (Dkt. No. 114 at 5).) The Court finds this contention unsupported by the record. It appears plain to the Court that Lowe's expressly gave the EEOC until December 23, 2008, at 3:00 p.m., to respond to its notice of a 30(b)(6) deposition. (*See* Suh email Dec. 15, 2008 (Dkt. No. 114-2 at 46).) The emails quoted above show that counsel for the EEOC repeatedly affirmed her commitment to adhering to that deadline. The day before the instant motion was filed, counsel for the EEOC informed Lowe's counsel that she was out of the office, in meetings with the charging parties in preparation for their depositions the following two days, and that, nevertheless, if Lowe's counsel wanted to talk on the phone regarding the 30(b)(6) deposition, it would be possible to do so on December 18, which was still prior to the December 23 deadline. (*See* O'Hara email Dec. 17, 2008 (Dkt. No. 114-3 at 12).) Rather than call counsel for the EEOC on December 18 or wait for the EEOC's response on December 23—the deadline expressly set by Lowe's—Lowe's filed this motion to compel. The Court does not consider this course of conduct to constitute a good faith effort by Lowe's counsel to confer by telephone or in person before inundating the Court with its papers. It may well be that counsel would not have been able to resolve this discovery dispute without Court intervention; however, the Court has already denied one of Intervenor-Plaintiffs' motions to compel—to Lowe's advantage—on grounds that it did not satisfy its meet-and-confer obligations, and the Court will not permit Defendant Lowe's to avoid the same obligation before seeking similar relief.

**IV. CONCLUSION**

For the foregoing reasons, the Court DENIES Defendant Lowe's HIW, Inc.'s Motion to Compel Rule 30(b)(6) Deposition of Plaintiff EEOC (Dkt. No. 112). Additionally, the Court finds that Lowe's should be heard on the issue of why the Court should not order it to pay Plaintiff EEOC's reasonable costs incurred in opposing this motion; such a response shall be due ten (10) days from the date of this

ORDER – 6

Order and limited to five pages.

DATED this 26th day of March, 2009.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER – 7