UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>              Plaintiff,<br><br>   v.<br><br>LOWE'S HIW, INC.,<br><br>              Defendant. | CASE NO. C08-0331-JCC<br>*Consolidated with C08-5053*<br><br>ORDER |
| AMBER FASOLINO, CHESTER DAVISON, JEREMIAH HARRINGTON, and JOHN MCDOWELL,<br><br>              Plaintiffs,<br><br>   v.<br><br>LOWE'S HIW, INC. d/b/a LOWE'S HOME IMPROVEMENT WAREHOUSE, INC.; JOHN MILLS and JANE DOE MILLS, and the marital community comprised thereof;<br><br>              Defendants. | |
| JULIE ANDREWS,<br><br>              Plaintiff,<br><br>   v.<br><br>LOWE'S HIW, INC. d/b/a LOWE'S HOME IMPROVEMENT WAREHOUSE, INC.; and JOHN MILLS,<br><br>              Defendants. | |

ORDER – 1

1

2    This matter comes before the Court on Defendant John Mills' FRCP 30(a)(2) Motion for Leave

3 to Depose Plaintiffs Davison and Harrington (Dkt. No. 159), the Responses in opposition by Intervenor-

4 Plaintiffs (Dkt. No. 161) and the Equal Opportunity Employment Commission ("EEOC") (Dkt. No.

5 163), and Defendant's Reply (Dkt. No. 168). The Court has carefully considered these papers and their

6 supporting declarations and exhibits, and has determined that oral argument is not necessary. The Court

7 GRANTS the motion and finds and rules as follows.

**I.     BACKGROUND**

The Court has recounted the background facts of this dispute numerous times in previous Orders but will repeat some of those facts here for the reader's convenience. On February 25, 2008, Plaintiff EEOC initiated this lawsuit against Defendant Lowe's, alleging violations of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. (Compl. (Dkt. No. 1).) Specifically, the EEOC alleges that starting in 2006, Defendant subjected its former employees Jeremiah Harrington, Chester Davison, and Amber Fasolino to sexual harassment at its Longview, Washington facility by maintaining a hostile work environment, and retaliated against them after they complained of the harassment. (*Id.* at 2–3.) Since the EEOC's filing of the Complaint, Harrington, Davison, and Fasolino intervened in the lawsuit and added claims against Defendant under the Washington Law Against Discrimination (WLAD), WASH. REV. CODE Ch. 49.60, and against Store Manager John Mills. In addition, the Court ordered consolidation of the case with Case No. C08-5053-BHS, *Andrews v. Lowe's HIW, Inc.*, which was proceeding in the Western District of Washington at Tacoma, in which Plaintiff Julie Andrews, another former employee at the Longview store, alleges that she was "harassed, discriminated against, retaliated against, and [was subject to] adverse employment actions . . . including but not limited to constructive[] discharg[e]" on the basis of gender. (Andrews Second Am. Compl. ¶¶ 15–16 (C08-5053, Dkt. No. 36).)

Pertinent to the instant motion, Harrington and Davison "allege that as store manager, John Mills

ORDER – 2

allowed or permitted a discriminatory work environment in which managers and co-workers made comments directed to Harrington and Davison of a sexual nature." (Mot. 3 (Dkt. No. 159).) Co-Defendant Lowe's HIW, Inc. ("Lowe's") deposed Harrington on December 18, 2008. (*Id*. at 4.) The deposition lasted about seven hours. (*Id*. at 4 n.10.) After Lowe's finished examining the deponent, Defendant Mills' counsel was permitted to ask questions of Harrington for about fifteen minutes, at which point Plaintiffs' counsel pointed out that the seven hours allotted for a deposition under the Federal Rules had expired. (*Id*. at 4; Harrington Dep. 246:2–247:23 (Dkt. No. 160 at 19).) Lowe's deposed Davison the following day, December 19, 2008, again, for approximately seven hours. (Mot. 4 (Dkt. No. 159).) This time, counsel for Mills had an opportunity of only seven minutes to ask questions after Lowe's completed its questioning before the time allotted under the Federal Rules expired. (*Id*. at 5.) After some discussions between counsel for Plaintiffs, the EEOC, and Mills, counsel were unable to come to an agreement as to whether a second day of depositions of Harrington and Davison would be scheduled. (*Id*. at 6.) Thus, in the instant motion, Mills and his marital community ask the Court to permit them leave to depose Harrington and Davison for an additional three hours each. (*Id*. at 2.)

**II.   APPLICABLE STANDARD**

The Federal Rules provide that:

> Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.

FED. R. CIV. P. 30(d)(1). The Court, however, must limit the length of depositions if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

ORDER – 3

FED. R. CIV. P. 26(b)(2)(C). Consistent with the Federal Rules, this Court's Order Regarding Discovery and Depositions (Dkt. No. 4) instructs counsel that "[i]f there are multiple parties, each side should ordinarily designate one attorney to conduct the main examination of the deponent, and any questioning by other counsel on that side should be limited to matters not previously covered."

### III.     ANALYSIS

Mills emphasizes that Lowe's and Mills do not share the same position vis-à-vis Plaintiffs' allegations; in fact, their interests are potentially adverse to one another. (Mot. 9 (Dkt. No. 159).) As such, Mills argues, while Lowe's questioned Harrington and Davison about many areas of common interest, Mills "is only interested in completing [his] examination on those subject areas that are unique to the claims asserted against Mills personally." (*Id*.)

Plaintiffs object to the additional deposition time because of the added expense and inconvenience and argue that they could have been avoided with better planning between Lowe's and Mills' counsel. (Pls.' Resp. 1 (Dkt. No. 161).) They also contend that the additional deposition time would be duplicative and suggest that Mills attempt to glean the necessary discovery through written interrogatories instead. (*Id*. at 4–5.) The EEOC also cites the inconvenience of travel and the potentially duplicative nature of what might be achieved by Mills if the request for more deposition time is granted. (EEOC Resp. 1–2 (Dkt. No. 163).)

Written interrogatories, which are drafted by counsel, are not a substitute for the opportunity to receive information first-hand from a deponent. The Court is persuaded that, given the seriousness of the allegations against Mills and the potential damage to his personal assets and his marital community that this litigation threatens, Mills should be permitted some additional deposition time to fairly examine Harrington and Davison on matters not previously covered by Lowe's. The additional time will be limited to three hours each. The depositions must be scheduled at a time and location reasonably convenient to Harrington and Davison. Counsel for Mills is directed to be cognizant of her obligation to limit her questioning to matters not previously covered by Lowe's counsel. The Court notes that Mills

ORDER – 4

requested that the additional deposition times take place before Mills is deposed by Plaintiffs. (Mot. 2 (Dkt. No. 159).) Mills has pointed to no authority to support this request and, given that it is opposed by Plaintiffs and the EEOC, the Court declines to impose this condition.

**IV.    CONCLUSION**

The Court GRANTS Defendant John Mills' FRCP 30(a)(2) Motion for Leave to Depose Plaintiffs Davis and Harrington (Dkt. No. 159) consistent with the foregoing.

DATED this 27th day of March, 2009.

／s／ John C. Coughenour
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER – 5