UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br> v.<br><br>LOWE'S HIW, INC.,<br><br>    Defendant. | CASE NO. C08-0331-JCC<br>*Consolidated with C08-5053*<br><br>ORDER |
| AMBER FASOLINO, CHESTER DAVISON, JEREMIAH HARRINGTON, and JOHN MCDOWELL,<br><br>    Plaintiffs,<br><br> v.<br><br>LOWE'S HIW, INC. d/b/a LOWE'S HOME IMPROVEMENT WAREHOUSE, INC.; JOHN MILLS and JANE DOE MILLS, and the marital community comprised thereof;<br><br>    Defendants. | |
| JULIE ANDREWS,<br><br>    Plaintiff,<br><br> v.<br><br>LOWE'S HIW, INC. d/b/a LOWE'S HOME IMPROVEMENT WAREHOUSE, INC.; and JOHN MILLS,<br><br>    Defendants. | |

ORDER – 1

1    This matter comes before the Court on two Show Cause Orders issued by the Court in
2 connection with its denial of two motions to compel. (Orders of Feb. 19, 2009 (Dkt. No. 164) and Mar.
3 26, 2009 (Dkt. No. 175).) The Court has received responses to its Show Cause Orders by the Intervenor-
4 Plaintiffs (Dkt. No. 171) and Defendant Lowe's HIW, Inc. ("Lowe's") (Dkt. No. 177). The Court has
5 carefully considered these documents, their supporting declarations and exhibits, and the response filed
6 by the Equal Employment Opportunity Commission ("EEOC") to Lowe's response (Dkt. No. 179). The
7 Court finds and rules as follows.

8    On February 19, 2009, the Court denied Intervenor-Plaintiffs' Second Motion to Compel
9 Defendant Lowe's Answer to Discovery Requests (Dkt. No. 92) because it found that Plaintiffs failed to
10 attempt in good faith to confer with Lowe's to try and resolve their discovery dispute without Court
11 intervention before filing their motion. (Dkt. No. 164.) In that Order, the Court gave Plaintiffs an
12 opportunity to be heard on the issue of why the Court should not order them to pay Lowe's reasonable
13 costs incurred in opposing the motion. (*Id*.) In their Response, Plaintiffs explain that they believed they
14 were substantially justified in filing the motion to compel when they did, even though they had not
15 conferred with Lowe's since before filing their first motion to compel over a month earlier. (Dkt. No.
16 171.)

17    Similarly, on March 26, 2009, the Court denied Lowe's Motion to Compel a Rule 30(b)(6)
18 Deposition of Plaintiff EEOC (Dkt. No. 112) because it found that Lowe's had failed to attempt to meet
19 and confer in good faith before filing its motion. (Dkt. No. 175.) The Court also gave Lowe's an
20 opportunity to be heard on the issue of why it should not be ordered to pay Plaintiff EEOC's reasonable
21 costs incurred in opposing the motion. In its Response, Lowe's explains that it believed that a meet and
22 confer would be futile, given the course of previous communications between the EEOC and Lowe's
23 with respect to Lowe's intention to take a 30(b)(6) deposition of the EEOC. (Dkt. No. 177.)

24    The Court is still not persuaded that either the Intervenor-Plaintiffs or Lowe's fully complied
25 with their obligations to confer before the filing of their motions to compel. Under the Local Rules, "[i]f
26 ORDER – 2

the court finds that counsel for any party . . . fails to confer in good faith . . . the court may take action" that includes requiring the attorney or party to personally satisfy "excess costs" that are attributed to such failure or to be subject to "other sanctions as the court may deem appropriate." Local Rules W.D. Wash. CR 37(a)(1)(A), GR 3(d). In addition, under the Federal Rules, if a motion to compel is denied, the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(B). However, "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id*.

It appears to the Court that both the Intervenor-Plaintiffs and Lowe's strongly believed their motions to be substantially justified. Given the fact that the parties have evidently not resolved these disputes despite later attempts to confer, the Court finds that the motions likely were substantially justified. Under these circumstances, the Court declines to award expenses. Rather, the Court deems its denial of the requested relief to the movants a sufficient sanction. Counsel are advised, however, that the Court will be more inclined to award monetary sanctions in this case in the future, should such failures to meet and confer persist.

DATED this 8th day of May, 2009.

John C. Coughenour  
UNITED STATES DISTRICT JUDGE

ORDER – 3