WILLIAM R. TAMAYO -- #084965 (CA)
JONATHAN T. PECK -- #12303 (VA)
DAVID OFFEN-BROWN — #063321 (CA)
CINDY O'HARA -- #114555 (CA)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California 94105
Telephone:     (415) 625-5653
Facsimile:     (415) 625-5657
Attorneys for Plaintiff Equal Employment Opportunity Commission

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) Civil Action No. 2:08-cv-00331-JCC |
| Plaintiff, | ) *Consolidated with* C 08-5053<br>) |
| v. | ) CONSENT DECREE<br>) |
| LOWE'S HIW, INC., | )<br>) |
| Defendant. | ) |
| AMBER FASOLINO; CHESTER DAVISON; JEREMIAH HARRINGTON; and JOHN MCDOWELL, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| LOWE'S HIW, INC. d/b/a LOWE'S HOME IMPROVEMENT WAREHOUSE, INC.; JOHN MILLS AND JANE DOE MILLS, and the marital community comprised thereof, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

CONSENT DECREE (2:08-cv-00331-JCC) — 1

| | |
|---|---|
| JULIE ANDREWS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LOWE'S HIW, INC. d/b/a LOWE'S HOME IMPROVEMENT WAREHOUSE, INC.; JOHN MILLS AND JANE DOE MILLS, and the marital community comprised thereof, | ) ) ) ) |
| | ) |
| Defendants. | ) |

Plaintiff Equal Employment Opportunity Commission ("Commission") filed this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the basis of discrimination based on sex and retaliation, and to provide appropriate relief to Jeremiah Harrington, Chester Davison and Amber Fasolino, whom the Commission alleged were adversely affected by such practices.  The Commission alleged that Defendant Lowe's HIW, Inc., Inc. ("Lowe's") subjected Mr. Harrington, Mr. Davison and Ms. Fasolino to unlawful sexual harassment in violation of Title VII, and subjected Mr. Harrington, Mr. Davison and Ms. Fasolino to retaliation for opposing unlawful sexual harassment. Defendant has denied the above allegations and claims.  The Commission and Defendant Lowe's now seek to resolve this action as to each other and as between Lowe's and Mr. Harrington, Mr. Davison and Ms. Fasolino ("Charging Parties") without further contested litigation through the instant Consent Decree.  This resolution does not constitute an admission of liability on the part of Lowe's, nor constitute a finding on the allegations stated in the Commission's Complaint.

CONSENT DECREE (2:08-cv-00331-JCC) — 2

The Court has reviewed this Consent Decree in light of the pleadings, the record herein, and the applicable law, and now approves this Consent Decree.

THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

**GENERAL PROVISIONS**

1. This Court has jurisdiction over the subject matter and the parties to this action. This Court retains jurisdiction over this Consent Decree during its term.

2. This Consent Decree constitutes a full and final resolution of the Commission's claims against Lowe's in this action.

3. This Consent Decree will become effective upon its entry by the Court.

4. This Consent Decree is final and binding upon the parties to it, their successors and assigns.

5. The Commission and Lowe's will each bear its own costs and attorneys fees in this action.

**GENERAL INJUNCTIVE RELIEF**

6. Lowe's and its current officers, agents, employees, and all persons in active concert or participation with them are enjoined from discriminating based on sex, including permitting the existence of a work environment that is hostile to employees because of sexual harassment, as prohibited under Title VII.

7. Lowe's and its current officers, agents, employees, and all persons in active concert or participation with them are enjoined from engaging in, implementing or permitting any action, policy or practice which retaliates against Charging Parties, or any other employee or former employee, for having testified or participated in any manner in the Commission's investigation and the proceedings in this case.

CONSENT DECREE (2:08-cv-00331-JCC) — 3

**SPECIAL INJUNCTIVE RELIEF**

**Non-Discrimination Policies and Complaint Procedures**

8. Within 120 days of the entry of this Consent Decree, Lowe's will issue the following written anti-harassment statement to all employees in Washington and Oregon:

Lowe's HIW, Inc. is firmly committed to creating and maintaining a workplace free of discriminatory harassment; to swiftly and firmly responding to any acts of harassment of which the company becomes aware; to implementing a disciplinary system that is designed to strongly deter future acts of harassment or retaliation; and to actively monitoring its workplace in order to ensure tolerance, respect and dignity for all employees.  Lowe's encourages its employees to come forward with complaints of discrimination or harassment, and will not retaliate against individuals who report harassment in the workplace.

9. In order to accomplish the objectives reflected in the statement referenced in Paragraph 8 of this Decree, Lowe's will make sure that its written anti-harassment policy (a) includes definitions of discriminatory harassment, with specific reference to harassment based on sex, and including same-sex harassment and harassment based on perceived sexual orientation; (b) includes examples to supplement the definitions of harassment; (c) provides for substantial discipline and/or corrective action for incidents of discriminatory harassment; (d) includes strong non-retaliation language with examples to supplement the definition of retaliation, (e) provides for substantial discipline for incidents of retaliation; (f) provides that complaints of harassment and/or retaliation will be accepted irrespective of whether they are made verbally or in writing; (g) explains that Defendant will conduct a prompt and thorough investigation after a complaint is made or received

and, where appropriate, will take remedial action upon conclusion of an investigation; and (h) indicates that, promptly upon the conclusion of the investigation of a complaint, Defendant will communicate to the complaining party the results of the investigation and a description of the remedial actions taken or proposed, if any.

10. Lowe's above-referenced anti-harassment policy will contain a complaint procedure that will encourage employees to come forward with complaints about violations of its harassment policy. As part of the policy, Defendant shall provide its employees with convenient, confidential and reliable mechanisms for reporting incidents of harassment.

11. Lowe's will revise and reissue its anti-retaliation policy to provide for a complaint procedure which provides its employees with convenient, confidential and reliable mechanisms for reporting incidents of retaliation.

**Training**

12. Lowe's will conduct the anti-harassment and anti-retaliation trainings on the three tracks set forth below:

(a) Training of all employees at all stores in Washington and Oregon on what constitutes harassment and retaliation, their rights to a workplace free from harassment and retaliation, and on their obligations not to harass or retaliate;

(b) Training of all managers and supervisors in Washington and Oregon on what constitutes harassment and retaliation, their obligations not to harass or retaliate, their obligations to provide employees under their supervision with a workplace free from harassment and retaliation, and on their responsibilities and

    obligations if an employee complains to them about harassment or retaliation or if they observe harassment or retaliation;

    (c) Training of all human resources personnel in Washington and Oregon on what constitutes harassment and retaliation; how to investigate complaints of harassment and retaliation; how to institute policies, practices and training in the stores under their purview which will serve to correct the effects of past harassment and retaliation and prevent future harassment and retaliation; and how to inform those who complain of harassment or retaliation of the outcome of the investigation into their complaints, and of the steps that Lowe's will take to assure that harassment and retaliation do not occur or recur in the future.

Each of the three tracks of training set forth above will take place once each year during the term of this decree, and will be of appropriate duration but no less than two hours in length per training.  For training of store employees and management, Lowe's may, at its discretion, conduct separate trainings at individual stores, or amalgamate trainings for store staff in an area or region.  Trainings conducted at the individual store level will be introduced by the store manager or operations manager of the store where the training occurs.  Training at the area, regional and/or division level will be introduced by a management official.  The trainings specified in the above paragraphs will take place on the following schedule:  The training at each of the three tracks will occur within 180 days of the date of entry of this decree, and within a year of the first training for each subsequent training.  Thirty (30) days before the training, Lowe's will identify to the Commission, by name and address, its selected trainer and provide the text of the training materials. The trainer and text of the training materials will be subject to the approval of

CONSENT DECREE (2:08-cv-00331-JCC) — 6

the Commission, which will be determined within ten (10) days of Lowe's provision of such information to the Commission. The Commission's approval will not be unreasonably withheld.

**Posting**

13. Lowe's written complaint procedure, as referenced in Paragraph 10, will be posted in a prominent place accessible to all employees in Washington and Oregon stores.

14. Lowe's will post a Notice to All Employees in all stores in Washington and Oregon. The Notice is attached as Exhibit 1 to this Consent Decree. The Notice shall be posted on a centrally located bulletin board accessible to all employees at all Lowe's stores in Washington and Oregon for the duration of the Consent Decree.

**Tracking for Complaints of Harassment**

15. Lowe's recognizes that prevention of harassment necessitates accurate monitoring of complaints of harassment against both management and non-management employees. Lowe's will therefore record and track complaints of harassment, so that a record of complaints will be maintained with the alleged harassing employee's personnel file for one year. Complaints which result in disciplinary action will remain in the employee's personnel file on the same basis as other disciplinary actions. The personnel file of an employee seeking a transfer to another store will be made available to store managers of the store to which the employee is seeking a transfer prior to any such transfer taking place.

**Record Keeping and Reports**

16. Within ten (10) days of the completion of its anti-harassment statement referenced in Paragraph 8, Lowe's will send a copy of said statement to counsel for the Commission.

17. Within ten (10) days of the completion of the anti-harassment and anti-retaliation policies referenced in Paragraphs 9 through 11 above, Lowe's will send a copy of said policy to counsel for the Commission.

18. Within one hundred eighty (180) days of the entry of this decree, Lowe's will mail counsel for the Commission with a copy of the schedule for the trainings referenced in Paragraph 12 above.

19. Within thirty (30) days after completing each training session described in Paragraph 12, Lowe's will mail to counsel for the Commission a report containing the date of training, the name and position of the management official who introduced the training, an outline of the training content, a list of all attendees, and copies of all materials distributed at the training.

Once every six (6) months, to be measured beginning at the date of entry of this Consent Decree and continuing for two (2) years, Lowe's will notify the counsel for the Commission whether it has received any complaints of sexual harassment or retaliation for reporting sexual harassment from any of its employees in Washington and Oregon (whether said complaints were filed with an administrative agency, reported to Company hotline, or made to a supervisor), what steps were taken in response to that information, and how the situation was resolved.

**MONETARY RELIEF**

20. Lowe's will pay the sum of $1,720,000.00 as complete satisfaction of the Commission's claims against Lowe's as set forth in its Complaint on behalf of Mr. Harrington, Mr. Davison and Ms. Fasolino.

**EXPIRATION OF CONSENT DECREE**

21. This Consent Decree constitutes a full and final resolution of all the Commission's claims against Lowe's in this action. This Consent Decree will be in effect for three (3) years, and will expire at midnight of the date three (3) years after its entry by the Court, provided that Lowe's has substantially complied with the terms of this Consent Decree. Lowe's will be deemed to have complied substantially if the Court has not made any findings or orders during the term of the Decree that Lowe's has failed to comply with any of the terms of this Decree.

| On Behalf of Plaintiff Commission: | On Behalf of Defendant LOWE'S HIW, INC.: |
|---|---|
| Dated:  August 14, 2009 | Dated:  August 14, 2009 |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | DAVIS WRIGHT TREMAINE LLP |
| /S/ William R. Tamayo<br>WILLIAM R. TAMAYO<br>Regional Attorney | /S/ Thomas A. Lemly<br>THOMAS A. LEMLY<br>Attorneys for LOWE'S HIW, INC. |
| /S/ David Offen-Brown<br>DAVID OFFEN-BROWN<br>Supervisory Trial Attorney | |
| /S/ Cindy O'Hara<br>CINDY O'HARA<br>Senior Trial Attorney | |

CONSENT DECREE (2:08-cv-00331-JCC) — 9

## ORDER

It is so ordered.

DATED this 20th day of August, 2009.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE



**NOTICE TO EMPLOYEES**

Lowe's HIW, Inc. will provide anti-harassment and anti- retaliation training to all employees, both management and non management in Washington and Oregon; provide anti-harassment and anti-retaliation training to all human resources personnel in Washington and Oregon, including training in handling investigation of complaints; write and distribute to all employees an anti-harassment statement; revise as necessary its policies against harassment and retaliation and complaint procedures; implement policies to ensure supervisor and manager accountability with regard to anti-harassment and anti-retaliation practices; record and track complaints of harassment by its employees.

Federal law prohibits an employer from engaging in or allowing sexual harassment. It is also unlawful for an employer to retaliate against any individual because he or she complains of discrimination or harassment, cooperates with the investigation of discrimination or harassment, participates as a witness or potential witness in any investigation or legal proceeding or otherwise exercises his or her rights under the law.

Should you have any complaints of discrimination or retaliation you should contact _____ at _____.

Employees also have the right to bring complaints of discrimination or harassment to the U.S. Equal Employment Opportunity Commission, Seattle Field Office at 909 1st Avenue, Suite 400, Seattle, WA 98104-1061, (206) 220-6883, (800) 669-4000.

This notice shall remain prominently posted at all Lowe's stores in Washington and Oregon for three years. This Official Notice shall not be altered, defaced, covered or obstructed by any other material.

CONSENT DECREE (2:08-cv-00331-JCC) — 11